UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICIA JO SOHR,           )<br>                             )<br>          Plaintiff,         )<br>                             )<br> v.                          )<br>                             )<br> MICHAEL J. ASTRUE, Commissioner )<br> of Social Security,         )<br>                             )<br>          Defendant.         )<br>_____) | No. CV-09-0207-JPH<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on April 9, 2010 (Ct. Recs. 9,11). Attorney Gary R. Penar represents plaintiff; Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge (Ct. Rec. 3). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 11) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 9).

**JURISDICTION**

Plaintiff protectively filed concurrent applications for disability insurance benefits (DIB) and supplemental security income (SSI) on October 29, 2007, alleging onset due to irritable bowel syndrome (IBS) with abdominal pain from diverticulitis and

ORDER GRANTING DEFENDANT'S
FOR SUMMARY JUDGMENT                                          - 1 -

chronic diarrhea, low back pain with a history of degenerative disc disease (DDD) of the lumbosacral spine with surgical removal of the tailbone, somatoform disorder, personality disorder, and depression (Tr. 58-60,128,427-429). Ms. Sohr's last insured date was December 31, 1997. The applications were denied initially and on reconsideration (Tr. 26-27,30-31,420-422,424-425).

A hearing was held February 5, 2009, before Administrative Law Judge (ALJ) Robert Chester. Plaintiff, represented by counsel, and vocational expert Sharon Welter testified (Tr. 439-476). Plaintiff amended the onset date to October 9, 2007, abandoning her DIB claim (Tr. 443-444; Ct. Rec. 10 at 2). On February 25, 2009, the ALJ issued his decision (Tr. 11-21). The ALJ found although plaintiff could not perform past work, she could perform other work existing in the national economy. Accordingly, he found plaintiff not disabled as defined by the Act (Tr. 21). On May 12, 2009, the Appeals Council denied review (Tr. 3-5). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on July 10, 2009 (Ct. Rec. 1).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both parties, and are summarized here.

Plaintiff was 44 years old at onset and 50 when she testified. Ms. Sohr completed high school and two years of college (Tr. 137). From October of 2007 through March of 2008, plaintiff reports she lives alone, drives, leave the house once a week, does

dishes twice a week, shops for groceries twice a month, prepares food, and cares for her cat (Tr. 65,67-68,77-78,83). She attends no social functions because sitting is painful, avoids "being around people" because she gets "dizzy and sometimes passes out," fears leaving the house, and feels "scared of people" (Tr. 69-70,79). Plaintiff's last job was making collection calls, a job she performed "from bed" due to tail bone and back pain (Tr. 84). Given the limited hours worked, the ALJ opined the job likely does not qualify as past relevant work (Tr. 18). Plaintiff alleges disability onset as of October 9, 2007, due to physical and mental impairments.

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential

evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*,

1  482 U.S. 137 (1987).

2     The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such

1  evidence as a reasonable mind might accept as adequate to support
2  a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)
3  (citations omitted). "[S]uch inferences and conclusions as the
4  [Commissioner] may reasonably draw from the evidence" will also be
5  upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On
6  review, the Court considers the record as a whole, not just the
7  evidence supporting the decision of the Commissioner. *Weetman v.*
8  *Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v.*
9  *Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### ALJ'S FINDINGS

[While the ALJ found plaintiff met the DIB requirements through December 31, 1997, she abandoned this claim (Tr. 13).] At step one, the ALJ found plaintiff did not engage in substantial gainful activity after the amended onset date of October 9, 2007

(Tr. 13). At steps two and three, he found she suffers from chronic coccygeal pain, history of endometriosis, irritable bowel syndrome/diverticulitis, degenerative disc disease (DDD) at L5-S1 of the lumbar spine, dysthymia disorder, undifferentiated somatoform disorder, anxiety disorder with somatic features, and histrionic personality features with mild paranoia, impairments that are severe but which do not alone or combination meet or medically equal a Listed impairment (Tr. 14-15). The ALJ found plaintiff less than completely credible (Tr. 18). At step four, relying on the vocational expert, the ALJ found plaintiff's RFC for a range of light work prevents performing her past relevant work (Tr. 18). At step five, again relying on the VE, the ALJ found plaintiff could perform other jobs, such as ticket seller, cashier, and cafeteria attendant (Tr. 19). Because the ALJ found plaintiff could perform other work, she is not disabled as defined by the Social Security Act (Tr. 19-20).

**ISSUES**

Plaintiff first contends the Commissioner's errors weighing medical evidence and assessing credibility led to an incomplete assessment of plaintiff's RFC; second, the ALJ should have found her disabled under the Grids at step five (Ct. Rec. 10 at 13-19, 21-34). The Commissioner asserts the Court should affirm the decision because it is supported by the evidence and free of error (Ct. Rec. 12 at 12).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical

evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                               - 8 -

advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. Psychological impairment**

Plaintiff alleges the ALJ erred when he rejected "without any rationale" opinions of her mental limitations (Ct. Rec. 10 at 21). She asserts if the ALJ properly weighed the opinions of examining psychologist John Arnold, Ph.D., evaluating surgeon Cynthia Hahn, M.D., treating professional Kristen Winther, ARNP (Tr. 302-306), and agency reviewing psychologist James Bailey, Ph.D. (Tr. 149-165), she would be found disabled (Ct. Rec. 10 at 22-27).

Specifically, plaintiff alleges the ALJ "failed to assess the doctors' opinions which address the limitations resulting from the 'severe impairments'" of dysthymic and somatoform disorders, anxiety, and histrionic personality [features] (Ct. Rec. 10 at 22). She alleges the ALJ improperly weighed John Arnold, Ph.D.,'s assessments (before and after onset) opining plaintiff suffers from marked and moderate mental limitations (Ct. Rec. 10 at 22-23, citing Dr. Arnold's 4/25/04 report at Tr.335-343; 11/6/06 report at Tr. 353-362; 4/17/07 report at Tr. 363-370), 9/6/07 report at Tr. 176-186, and after onset, 8/5/08 report at Tr. 379-386).

The ALJ considered Dr. Arnold's reports when he found plaintiff's psychological functioning is mildly limited. About a month before onset (following assessment on September 6, 2007),

Dr. Arnold assessed a GAF of 65 as the highest in the past year, indicative of "only mild to moderate symptomology or impairment of functioning," as the Commissioner points out (Ct. Rec. 12 at 5; Tr. 179). The Commissioner further observes (1) by April of 2007, six months before onset, Dr. Arnold no longer assessed an anxiety disorder with somatic features, added an undifferentiated somatoform disorder, and in April and September of 2007, added bereavement disorder due to plaintiff's father's recent death; (2) the ALJ relied on the narrative of the same reports stating repeatedly Ms. Sohr is independent in all of her activities of daily living, including shopping; (3) the narratives indicate she "had no psychiatric complaints"; and (4) before Dr. Arnold's report in July of 2008, plaintiff asserted her disability was due to chronic coccygeal pain, not a psychological disorder (Ct. Rec. 12 at 5-6, citing Tr. 18).

   To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

   It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by

medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

　　　The ALJ gave clear and convincing reasons for his credibility assessment, some of which include (1) plaintiff sought no treatment for abdominal complaints until late 2006, despite claims of abdominal pain related to treatment for endometriosis and minimal chronic salpingitis as of 1986-1988 (indicating complaints of severe pain were undercut by failing without explanation to seek medical treatment); (2) Dr. Arnold's fairly consistently GAF of 65 as the highest in the past year; (3) activities inconsistent with the degree of impairment alleged, and (4) other than Dr. Arnold's July 2008 report, plaintiff had no psychiatric complaints (Tr. 17-18). Additionally, although plaintiff alleges disabling mental impairments, she went to counseling for only three months, from February through April of 2008 (Tr. 461).

　　　The ALJ relied on plaintiff's activities inconsistent with the degree of impairment claimed when he assessed credibility (Ct. Rec. 18). He notes plaintiff testified and has reported "she . . . spent 20 hours a day for many years in bed" (Tr. 18; 64,458-459) but her claim is refuted by a complete lack of muscle atrophy. The ALJ is correct. Examining and treating professionals repeatedly report strength is 5/5 in the lower extremities and muscle

strength is normal (Tr. 209, 378, 398). Similarly, plaintiff's report of being essentially bedridden is contradicted by statements in March of 2008 she drives, does dishes twice a week, goes outside the house once a week, and shops for groceries twice a month (Tr. 66-67).

Plaintiff reports chronic pain at the site of coccyx surgery and abdominal area since in 1989 (Tr. 139). As the ALJ points out, she did not seek treatment for abdominal pain until late 2006 (Tr. 17-18). The court can draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747,755 (9th Cir. 1989). The inference is plaintiff alleges chronic pain lasting years, yet she sought no medical treatment, indicating the pain was not as severe as alleged. Unexplained reasons for failing to seek medical care cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530,426.930; *Fair v. Bowen*, 885 F.2d 597,603 (9th Cir. 1989).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958–959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). As noted, noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d at 603.

While not noted by the ALJ, it is also significant Dr.

Arnold's July of 2008 report indicates plaintiff's MMPI-2 results were invalid due to an elevated F score, indicative of over-reporting psychological problems (Tr. 384). Dr. Arnold observes that in 2007, results of the same test were judged "questionably valid" (Id). In addition, Dr. Arnold's assessed limitations are internally inconsistent with his repeated opinion plaintiff's memory and concentration are adequate (Tr. 385). He gives no basis for opining plaintiff is moderately limited in the ability to control physical or motor movements and maintain appropriate behavior (Tr. 365,380). When evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

To the extent the ALJ rejected examining psychologist Dr. Arnold's contradicted assessed limitations, the reasons are legitimate, specific, and supported by substantial evidence in the record. *See Lester v. Chater*, 81 F. 3d 821, 830-831 (9th Cir. 1995)(holding that the ALJ must make findings setting forth specific, legitimate reasons for rejecting the treating physician's contradicted opinion).

Plaintiff alleges the ALJ failed to address treating professional Kristen Winther[1], ARNP,'s opinion Ms. Sohr suffered severe depression and resulting significant functional impairment in November of 2007 (Tr. 305)(Ct. Rec. 10 at 24-25). Plaintiff is

---

[1] Ms. Winther is one of several treatment providers plaintiff saw at the Community Health Association of Spokane (CHAS).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                              - 13 -

incorrect. Under the regulations, nurse practitioners are considered "other sources," 20 C.F.R. § 404.1513(d)(1), not "acceptable medical sources," *id.* § 404.1513(a). As a result, the ALJ could reject Winther's opinion for "reasons that are germane to [Winther]." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

The ALJ observes Ms. Sohr began receiving treatment at CHAS in June of 2003 (Tr. 14). From 2003 through most of 2006, plaintiff's only diagnoses were endometriosis and GERD. By late 2006, lumbar/back pain was indicated and plaintiff underwent sacroiliac injections. By 2007, her diagnoses were disorder of the coccyx, NOS, and irritable bowel syndrome (IBS)(Tr. 14,219,375,395). In June of 2007, Ms. Winther noted prozac was working very well and plaintiff's depression, NOS, was stable. A month earlier Ms. Sohr indicated prozac worked well for her in the past. Ms. Winther prescribed prozac for one year (Tr. 280-281;284). This occurred before onset. Yet, despite Ms. Winther's diagnosis of severe depression in November of 2007 (a month after onset), in January of 2008, there is no mention of depression other than stating current medications include prozac (Tr. 299-301).

The ALJ appropriately relied on the record as a whole, including Dr. Arnold's assessed GAFs of 65, the lack of mental health complaints and treatment, and plaintiff's credibility when he found no psychological limitations (Tr. 14,18). These are germane reasons for rejecting Ms. Winther's November of 2007 diagnosis of severe depression.

Plaintiff alleges the ALJ failed to cite any reason for

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                          - 14 -

rejecting evaluating surgeon Cynthia Hahn, M.D.,'s contradicted opinion plaintiff "clearly has some sort of pain syndrome" (Tr. 409)(Ct. Rec. 10 at 24-25).

Following an evaluation by microsurgeon Dr. Hahn on August 5,2008, she [Dr. Hahn] opined plaintiff has some type of pain syndrome (Tr. 409). Dr. Hahn based her opinion on a review of the MRI's of plaintiff's lower back, sacrum and coccyx. She opined they look normal. And as in July of 2006, plaintiff's June of 2008 MRI indicated only mild DDD in the lower back (Tr. 409,411-412). Dr. Hahn suggested plaintiff see a specialist in chronic pain syndromes and chronic coccygeal pain symptoms at Harborview or Swedish Hospitals in Seattle (Tr. 410). The ALJ notes Dr. Hahn opined plaintiff's pain syndrome was secondary to either scar tissue, neuroma, or something from her prior surgery (Tr. 14, citing Exhibit 5F at Tr. 409).

The ALJ relied instead on the opinion of Michael Carraher, M.D., who conducted a more detailed examination on September 15, 2008 (Tr. 15; Tr. 394-399). Dr. Carraher reviewed medical records, including one dated 1/24/08 from the CHAS clinic. This showed plaintiff's colonoscopy and esophago-gastroduodenoscopy tests were both normal. IBS was diagnosed (Tr. 395). After examination, the ALJ notes Dr. Carraher opined plaintiff had

> minimal objective evidence that there is a problem other than some degree of self-reported pain in the rectum and site of surgical excision of her coccyx . . . There is minimal objective evidence of difficulties with standing and sitting and she did not seem to be terribly uncomfortable engaging in either sitting or standing. Therefore, her limitations were primarily self-reported and there was no objective reason from a physical standpoint why she could not do light duty work as long as she could change position (Exhibit 4F).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 15 -

(Tr. 15).

The ALJ's reasons are supported by the record. Dr. Carraher observed plaintiff "seems able to sit and stand as long as she was being somewhat distracted" (Tr. 398). Although the ALJ notes plaintiff argued at the hearing the doctor [Carraher] was in and out of the examining room six times (Tr. 15, referring to Tr. 453), the ALJ was not required to credit this testimony.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's reasons are both specific and legitimate, and supported by substantial evidence. The ALJ's assessment of the evidence of mental impairment, and of plaintiff's credibility, is supported by the record and free of legal error.

**C. Physical impairment**

The ALJ assessed an RFC for a range of light work with a sit/stand option. He limited climbing, balancing, stooping, kneeling, crouching, and crawling to "occasionally" (Tr. 16). The ALJ opined plaintiff should have no exposure to fumes and other pollutants. As noted, he assessed no limitations related to psychological functioning.

Plaintiff alleges the ALJ's RFC assessment is flawed because

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 16 -

1  he failed to assess the impact of plaintiff's pain which she
2  alleges would "interfere with her ability to work on a 'regular
3  and continuing basis' for 8 hours a day, 5 days a week" (Ct. Rec.
4  10 at 32, *citing* SSR 96-8p; *Reddick v. Chater*, 157 F.3d 715,724
5  (1998); and *Montgomery v. Shalala*, 30 F.3d 98, 100 (9th Cir.
6  1994).

7      The ALJ properly found plaintiff's complaints not credible.
8  He was not required to credit her unreliable pain complaints.

9      Plaintiff alleges the ALJ erred by rejecting Dr. Carraher's
10 limitation of walking and standing no more than one hour each in
11 an 8 hour day (Ct. Rec. 10 at 32) but the argument is not
12 supported by the record. The ALJ assessed an RFC for a range of
13 light work, with a sit/stand option (Tr. 468), consistent with Dr.
14 Carraher's RFC. The VE testified a person with this RFC could work
15 as a cashier (either sedentary or with a sit/stand option) or as a
16 ticket seller (sit/stand option); only the cafeteria attendant job
17 is primarily performed standing (Tr. 468). The ALJ included the
18 limitations supported by the evidence, as required.

19     Plaintiff alleges the ALJ failed to discuss the results of
20 Dr. Juviler's exam (Tr. 417) and failed to address the impact of
21 diarrhea on plaintiff's ability to work (Ct. Rec. 10 at 32-33).

22     On November 7, 2008, Adam Juviler, M.D., saw plaintiff for a
23 chief complaint of rectal pain. She felt medications for IBS were
24 ineffective, and complained of chronic diarrhea and constant lower
25 abdominal pain (Tr. 415). This record indicates plaintiff drinks
26 occasionally (Tr. 416), disputed by plaintiff at the hearing. Dr.
27 Juviler diagnosed an anal fissure and IBS. He recommended a botox
28 injection and a GI consultation (Tr. 417). The ALJ notes in August

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 17 -

and November of 2007, plaintiff complained to Ms. Winther of "chronic attacks of lower abdominal complaints" (Tr. 14, citing Exhibits 1F/130 and 162 at Tr. 270, 302). The results of plaintiff's upper GI, colonoscopy, and MRI's of the sacrum, coccyx and lower back have all been normal (Tr. 392,395,409,411-412). The ALJ found she is not credible.

The ALJ was not required to credit opinions based on plaintiff's unreliable self-reporting. *Bayliss v. Barnhart*, 427 F.3d at 1216. The Court finds the RFC assessment is without error.

**D. Step five**

Plaintiff's step five argument is not well taken. At onset, she was 49 and half years old, not 50. Accordingly, the cited Grid does not control. The ALJ properly relied on the VE's testimony at step five.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this Court finds the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 11)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 9)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 26th day of May, 2010.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 18 -

```
                                    s/ James P. Hutton

                                  JAMES P. HUTTON
                            UNITED STATES MAGISTRATE JUDGE
```

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                      - 19 -